JON M. SANDS
Federal Public Defender
JEFFREY A. WILLIAMS #012605
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700
jeffrey_williams@fd.org
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| United States of America, | No. 2:24-cr-01898-SPL |
|---|---|
| Plaintiff, | **SENTENCING MEMORANDUM** |
| vs. | |
| Agustin Julian Sauceda, | |
| Defendant. | |

Counsel for Defendant Agustin Julian Sauceda requests that the Court impose a sentence of 15 years because the guidelines fail to distinguish between vastly different categories of "producers" and the facts of this case fall at the low end of the 18 U.S.C § 2251 spectrum.   Specifically, the conduct in this case was only voyeuristic and involved domestic, non-commercial production and the defendant is not the archetypal "child porn producer" Congress had in mind when creating the harsh penalties for these offenses. The harsh penalties in these cases were designed primarily to punish the active creation of sexual content and not the passive recording of a teenage female engaged in non-sexual behavior.

Mr. Sauceda is not the typical child porn producer:

1. The typical child porn "producer" targets children, grooms them, builds trust, manipulates or threatens them and often engages in hands-on sexual abuse to create the content;
2. The typical "producer" case involves cases where the "producer" creates the sexual content through active involvement by staging, posing, directing scenes and actively participating in the creation of the content;

3. The typical "producer" creates the content for a commercial purpose. They typically sell, trade or distribute content. They regularly engage in on-line communities and produce content for profit;

4. The typical "producer" seeks out victims, plans and orchestrates production and uses threats, coercion and manipulation to create content; and

5. The typical "producer" causes actual physical harm and psychological trauma to the victims by actively involving them in the creation of the content.

None of these factors are present here. As stated above, this case is more akin to voyeurism, the defendant secretly recording the victim as she showered and groomed herself. There is no evidence suggesting he intended to use the recordings for anything other than personal use. Yet the government is seeking a sentence of 24.5 years, a sentence comparable to the high end of the range had he pled guilty to second degree murder or aggravated sexual assault. Second degree murder has a BOL of 38 and a TOL of 35 after acceptance of responsibility resulting in a recommended range of 14 – 24.5 years in prison. Aggravated sexual abuse also has a BOL 38 (30 + 4 (force/threats) + 2 (age) +2 (care, custody and control) and a TOL of 35 resulting in a recommended range of 14 – 24.5 years.

In support of its position the government cites U.S. v. Overton, 573 F.3d 679 (9th Cir. 2009), U.S. v. Vanderwrfhorst, 576 F.3d 929 (9th Cir. 2009), U.S. v. Aguirre, 448 Fed.Appx. 670 (9th Cir. 2011) and U.S. v Guerrieri, 18 Fed.Appx. 630 (9th Cir.). However, each of those cases involved much more than just the possession of child pornography. Overton – rape; Vanderwerfhorst – molestation of a 3 year-old; Aguirre – sexual intercourse with a minor; Guirrieri – defendant sexually abused stepdaughter. No such conduct occurred here. In fact, the government concedes that this case did not involve any sexual contact whatsoever and was limited to the defendant collecting child pornography files and surreptitiously recording his stepdaughter as she showered. In fact, she was unaware of the recordings until the government exposed them to her.

Counsel would also ask the Court to consider the additional mitigating factors:

1. The defendant was suffering from PTSD and a substance abuse addiction at the time of the offense.

2. First conviction of any type.

2

3. Prison time is more significant for a first-time offender. Additionally, the nature of the offense and his history as a fireman will make his time in custody more difficult than the typical inmate. Because he was a fireman inmates will treat him as a former member of law enforcement exposing him to the typical dangers that exist when a former member of law enforcement becomes incarcerated.

4. Defendant's otherwise outstanding character that is now ruined and the stigma of this conviction will remain with him for the remainder of his life.

5. The defendant was a good parent. Prior to the investigation the defendant was considered an excellent provider and parent.

6. Life of public service and excellent employment history.

7. Defendant's age personal characteristics make it unlikely that he will reoffend in the future.

8. The defendant will be on lengthy term of supervised release which statistically reduces the risk of recidivism.

9. Defendant's acceptance of responsibility and decision to protect the victim from the trauma and embarrassment of a public trial.

10. Strong family support.

11. Prosecutor's manipulation of the charges and abuse of discretion. Although this is not your typical production case the government charged it as such because the mandatory minimums gave the government the most leverage over the defendant.

## Restitution

The defendant objects to the $84,000 in restitution sought by the government for the victims of internet child pornography because there is no causal chain between his possession of child pornography and any of the victims' losses.

## Conclusion

Therefore, for the reasons stated above, counsel for the defendant requests that the Court impose a sentence of 15 years (180 months) of imprisonment followed by a ten year (120 months) of supervised release.

…

…

3

…

Respectfully submitted:          April 14, 2026.

JON M. SANDS
Federal Public Defender

*s/Jeffrey A. Williams*
JEFFREY A. WILLIAMS
Assistant Federal Public Defender
*Attorney for Defendant*

4