TIMOTHY COURCHAINE
United States Attorney
District of Arizona
GAYLE HELART
California State Bar No. 151861
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: gayle.helart@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Agustin Julian Sauceda,<br><br>        Defendant. | No. CR-2:24-01898-PHX-SPL<br><br>**RESPONSE TO OBJECTION TO RESTITUTION** |

The United States of America respectfully requests this Court deny Defendant, Agustin Julian Sauceda's (hereafter Sauceda), objection to the restitution amount of $84,000 that is ordered for the 28 victims in the series identified from Sauceda's collection ($3,000 for each victim) based on the argument that "there is no causal chain between his possession of child pornography and any of the victims' losses."  (Defense Sentencing Memorandum at 3).

## Discussion

Sauceda is undoubtedly referring to the Supreme Court decision of *Paroline v. United States*, 572 U.S. 434, 458 (2014) where the Court supported restitution for victims of child pornography ("In a sense, every viewing of child pornography is a repetition of the victim's abuse.  One reason to make restitution mandatory for crimes like this is to impress upon offenders that their conduct produces concrete and devastating harms for real, identifiable children"), but held that there was a proximate cause requirement and that

a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

The next year, in *United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015), the Ninth Circuit held it was error for the district court not to order any restitution be paid by the defendant, convicted of distribution and possession of child pornography including the "Cindy" series who requested restitution, acknowledging that the calculation for the victim would be a mix of "discretion and estimation" but that the courts and government could not decline to make an effort to accomplish what Congress and the Supreme Court required.

In 2018, Congress passed the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (Public Law 115-299). The minimum amount of $3,000 of restitution for victims of child pornography crimes in 18 U.S.C. § 2259(b)(2)(B) (Determining a restitution amount) provides that:

> (B)  After completing the determination required under subparagraph (A), the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.

The law, therefore, does not limit the amount a sentencing court can order, but provides that at a minimum, $3,000 would be ordered for a victim requesting restitution. Since then, sentencing courts have uniformly ordered restitution for victims of child pornography offenses. *See e.g. United States v. Berry*, 2020Wl 86194 (D. Oregon, January 6, 2020) ("Restitution is mandatory for child pornography offenses" and undergoing analysis for several victims named in series within the defendant's collection awarding amounts of $3,000, $4,000, and $5,000 to the various victims); United States v. Delacruz, 2024 WL 3498240 (N.D. Cal. July 18, 2024) (unpublished) (restitution ordered in amounts of $5,000 and $3,000 for the victims of child pornography series in defendant's collection after doing analysis).

Additionally, as no small point, Sauceda agreed in his plea agreement that "[p]ursuant to 18 U.S.C. § 2259, the United States and the defendant stipulate to the entry of a Restitution Order in the amount of $3,000.00 for each victim who is depicted in any

image or video contained in the defendant's collection of child pornography, whether listed in the indictment or not, who submits a claim for restitution.  The defendant agrees that his criminal conduct in the present prosecution is the proximate cause of a portion of the injuries suffered by the aforementioned victim(s) and, as such, the stipulated award is reasonable and justified." (Plea Agreement at ⁋ 3 f.)   This is completely consistent with the statute and would be the minimum this Court would have been required to impose.

The government requests this Court deny Sauceda's objection because he agreed to this amount, because he agreed there was proximate cause between his conduct and the injuries, and because it is entirely consistent with the minimum amount set forth by the current law in effect at the time of his offenses under 18 U.S.C. §  2259.

Respectfully submitted this 28th day of April, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Gayle L. Helart*
Gayle L. Helart
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Jeffrey Williams, *Counsel for Defendant.*


*s/ L. Hughes*
U.S. Attorney's Office

-4-